**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **BELAIR ELECTRONICS, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No.:** 1:22-CV-0191-SCJ |
| **BRILLOTECH INC. and I-BLASON LLC,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BelAir Electronics, Inc. complains of Defendants Brillotech Inc. and i-Blason LLC (collectively "Defendants") as follows:

### NATURE OF LAWSUIT

1.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2.     Plaintiff BelAir Electronics, Inc. ("BelAir" or "Plaintiff") is an Illinois corporation with its principal place of business at 5723 Antler Lane, Westmont, Illinois 60559.

3.     BelAir is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,194,291, entitled

"Protective Mask of Mobile Phone," which issued on March 20, 2007 (the "'291 Patent") (a true and correct copy is attached as Exhibit A); United States Patent No. 7,941,195, entitled "Protective Mask of Mobile Phone," which issued on May 10, 2011 (the "'195 Patent") (a true and correct copy is attached as Exhibit B); and United States Patent No. 10,097,676, entitled "Protective Mask of Mobile Phone," which issued on October 9, 2018 (the "'676 Patent") (a true and correct copy is attached as Exhibit C) (collectively, the "Asserted Patents").

4.     BelAir has the exclusive right to license and enforce the Asserted Patents and to collect all damages for infringement. BelAir also has standing to sue for infringement of the Asserted Patents.

5.     Defendant Brillotech Inc. ("SUPCASE") is a Georgia corporation maintaining its principal office at 5770 Shiloh Road, Suite 100, Alpharetta, Georgia 30005.

6.     Defendant i-Blason LLC ("i-Blason") is a Georgia limited liability company maintaining its principal office at 5770 Shiloh Road, Suite 100, Alpharetta, Georgia 30005.

7.     In furtherance of Plaintiff's review and analysis prior to filing this action, Plaintiff studied SUPCASE publicly-available product literature and, among other things, purchased a "Samsung Galaxy A90 / A90 5G Unicorn Beetle Pro

Rugged Holster Case – Black," an "Apple iPad mini 5 (2019) Unicorn Beetle Pro Shockproof Rugged Case – Black," and an "Apple iPhone 11 6.1 inch Unicorn Beetle Sport Athletic Case – Black" from SUPCASE's website for assessment as representatives of the products identified in Exhibits D and E.

8.     SUPCASE primarily advertises and sells Accused Products at https://www.supcase.com/ and related urls in the www.supcase.com domain.

9.     In furtherance of Plaintiff's review and analysis prior to filing this action, Plaintiff studied i-Blason publicly-available product literature and, among other things, purchased a "Samsung Galaxy S20 FE 5G Ares Clear Rugged Case – Blue," an "Apple iPhone 12 Pro Max Ares Case – Purple," an "Apple iPhone 11 OMG Case – Starry Black," and an "Apple iPhone 11 Cosmo Case – Marble Black" from i-Blason's website for assessment as representatives of the products identified in Exhibits F and G.

10.    i-Blason primarily advertises and sells Accused Products at https://www.i-blason.com/ and related urls in the www.i-blason.com domain.

11.    Both SUPCASE and i-Blason shipment packaging for the products Plaintiff purchased gives the return address as 5770 Shiloh Road, Suite 100, Alpharetta, Georgia 30005.

12.    Defendants offers for sale and sell the Accused Products (as further identified below) for mobile devices throughout the United States and this Judicial District.

## JURISDICTION AND VENUE

13.    BelAir's claims for patent infringement against Defendants arise under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. Consequently, this Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.    Defendants own, operate and conduct business in the state of Georgia and direct advertisements at residents of Georgia – which are covered by claims of the Asserted Patents – and throughout the United States including Georgia and this judicial district.

15.    Defendants are currently doing business in this judicial district, have purposefully availed themselves of the privilege of conducting business with residents of this judicial district, have purposefully reached out to residents of this judicial district, and have established sufficient minimum contacts with the State of Georgia such that they should reasonably and fairly anticipate being haled into court in Georgia.

16.     SUPCASE is a Georgia corporation and has a designated agent incident to such registration.

17.     i-Blason is a Georgia limited liability company and has a designated agent incident to such registration.

18.     Defendants have established sufficient minimum contacts with the State of Georgia such that they should reasonably and fairly anticipate being haled into court in Georgia.

19.     Venue in this judicial district is proper under 28 U.S.C. § 1400(b).

## THE ACCUSED PRODUCTS

20.     Defendants have infringed certain claims of the Asserted Patents through the manufacture, sale, offer for sale, advertisement, importation, shipment, distribution, and/or use of Defendants' protective masks for mobile devices (herein referred to as the "Accused Products").

21.     As presently advised, the Accused Products include the following categories of SUPCASE's protective masks for mobile devices ("Case Styles"): UB (Unicorn Beetle); UB Air; UB Clear; UB Edge; UB Exo; UB Mag; UB Neo; UB Royal for iPad; UB Snap; UB Sport; UB Style; UB Vault; Armband; Beetle Power; UB Edge with Screen Protector; UB Electro; UB Exo with Screen Protector; UB Maze; UB Neo with Screen Protector; UB Pro; UB Pro with Kickstand; UB Royal;

UB Sport with Screen Protector; and Water Resistant. (See Exhibits D, E, and H, https://www.supcase.com/, https://www.supcase.com/collections/smartphone-cases, https://www.supcase.com/collections/tablet-cases, and related urls in the www.supcase.com domain).

22. As presently advised, the Accused Products include SUPCASE's protective masks for at least the following mobile devices: iPhone 11; iPhone 11 Pro; iPhone 11 Pro Max; iPhone 12; iPhone 12 mini; iPhone 12 Pro; iPhone 12 Pro Max; iPhone 13; iPhone 13 mini; iPhone 13 Pro; iPhone 13 Pro Max; iPhone 6; iPhone 6 Plus; iPhone 6S; iPhone 6S Plus; iPhone 7; iPhone 7 Plus; iPhone 8; iPhone 8 Plus; iPhone SE (2016); iPhone SE (2020); iPhone X; iPhone XR; iPhone XS; iPhone XS Max; Pixel 2; Pixel 2 XL; Pixel 3; Pixel 3 XL; Pixel 3a; Pixel 3a XL; Pixel 4; Pixel 4 XL; Pixel 4a; Pixel 4a 5G; Pixel 5; Pixel 5a 5G; Pixel 6; Pixel 6 Pro; Pixel XL; One (M8); One (M9); Honor 10; Mate 20; Mate 20 Lite; Mate 20 Pro; Nova 3i; P20 Lite; P20 Pro; P30; P30 Pro; G4; G5; G6; G7 ThinQ; G8; G8X ThinQ; K20 Plus; K30; K40; Q70; Stylo 3; Stylo 4; Stylo 5; Stylo 6; V30; Moto E6; Moto G Stylus; Moto G6; Moto G6 Play; Moto G7; Moto G7 Plus; X 2nd Gen; OnePlus 6; OnePlus 6T; OnePlus 7; OnePlus 7 Pro; OnePlus 7T; OnePlus 7T Pro; OnePlus 8; OnePlus 8 Pro; OnePlus 8T; OnePlus 9; OnePlus 9 Pro; OnePlus Nord; Palm; Galaxy A01; Galaxy A02s; Galaxy A10e; Galaxy A11; Galaxy A12; Galaxy A20;

Galaxy A30; Galaxy A30s; Galaxy A32; Galaxy A41; Galaxy A50; Galaxy A50s; Galaxy A51; Galaxy A51 5G; Galaxy A52; Galaxy A6; Galaxy A71; Galaxy A71 5G; Galaxy A72; Galaxy A8 Plus; Galaxy A90; Galaxy A90 5G; Galaxy J3; Galaxy J7 (2017); Galaxy Note10; Galaxy Note10 Lite; Galaxy Note10 Plus; Galaxy Note10 Plus 5G; Galaxy Note20; Galaxy Note20 Ultra; Galaxy Note5; Galaxy Note9; Galaxy S10; Galaxy S10 5G; Galaxy S10 Lite; Galaxy S10 Plus; Galaxy S10e; Galaxy S20; Galaxy S20 FE; Galaxy S20 Plus; Galaxy S20 Ultra; Galaxy S21; Galaxy S21 FE; Galaxy S21 Plus; Galaxy S21 Ultra; Galaxy S6; Galaxy S6 Active; Galaxy S6 Edge; Galaxy S7; Galaxy S7 Active; Galaxy S7 Edge; Galaxy S8; Galaxy S8 Active; Galaxy S8 Plus; Galaxy S9; Galaxy S9 Plus; Galaxy Z Flip 3; Redmi Note 5; Blade Spark; Fire HD 8 (2016); iPad 10.2" (2019/2020/2021); iPad 2/3/4; iPad 9.7" (2017/2018); iPad Air 10.5" (2019); iPad Air 2 9.7" (2014); iPad Air 4 10.9" (2020); iPad Mini 4 (2015); iPad Mini 5 (2019); iPad Mini 6 (2021); iPad Pro 10.5" (2017); iPad Pro 11" (2018); iPad Pro 11" (2020); iPad Pro 11" (2021); iPad Pro 12.9" (2017); iPad Pro 12.9" (2018); iPad Pro 12.9" (2020); iPad Pro 12.9" (2021); iPad Pro 9.7" (2016); Surface Go; Surface Pro; Galaxy Tab 4 10.1" (2014); Galaxy Tab A 10.1" (2016); Galaxy Tab A 10.1" (2019); Galaxy Tab A 10.5" (2018); Galaxy Tab A 8.0" (2016); Galaxy Tab A 8.0" (2017); Galaxy Tab A 8.0" (2018); Galaxy Tab A 8.0" (2019); Galaxy Tab A 8.4" (2020); Galaxy Tab A7 10.4"

(2020); Galaxy Tab A7 Lite 8.7" (2021); Galaxy Tab E 8.0" (2016); Galaxy Tab S2 8.0" (2015); Galaxy Tab S2 9.7" (2015); Galaxy Tab S3 9.7" (2017); Galaxy Tab S4 10.5" (2018); Galaxy Tab S5e 10.5" (2019); Galaxy Tab S6 10.5" (2019); Galaxy Tab S6 Lite 10.4" (2020); Galaxy Tab S7 11.0" (2020); Galaxy Tab S7 Plus 12.4" (2020), Galaxy Tab S7 FE 12.4" (2021). (See Exhibits D, E, and H, https://www.supcase.com/, https://www.supcase.com/collections/smartphone-cases, https://www.supcase.com/collections/tablet-cases, and related urls in the www.supcase.com domain).

23.    SUPCASE's Accused Products also include a two smaller subsets of protective masks for mobile devices consisting of two portion cases (herein referred to as the "Two Piece Accused Products" and the "Galaxy Z Accused Products"). See Exhibit E for a detailed list, exemplary photos, and product page links to the Two Piece Accused Products and Exhibit H for a detailed list, exemplary photos, and product page links to the Galaxy Z Accused Products. For avoidance of doubt, the Two Piece Accused Products and the Galaxy Z Accused Products in Exhibit E and H respectively are each a smaller subset of the Accused Products in Exhibit D and are included in and a part of the Accused Products. All SUPCASE Accused Products are alleged to infringe at least independent Claim 9 of the '195 Patent and independent Claims 1, 5, 8, and 9 of the '676 Patent. In addition to these claims,

SUPCASE's Two Piece Accused Products and Galaxy Z Accused Products are alleged to additionally infringe at least independent Claim 9 of the '291 Patent. In addition to these claims, SUPCASE's Galaxy Z Accused Products are alleged to additionally infringe at least independent Claims 1 and 6 of the '291 Patent and independent Claims 1 and 6 of the '195 Patent.

24.    As presently advised, the Accused Products include the following categories of i-Blason's protective masks for mobile devices ("Case Styles"): Battery; Cosmo Lite; Cosmo Snap; Cosmo Wallet; Cube; Halo (Halo Smart Keyboard, Halo MagSafe); i-Folio; Kido (Armorbox Kido); OMG; Prime; Transformer; Aegis Waterproof; Ares; Armorbox; Cosmo Classic; and Magma. (See Exhibits F, G, and I, https://www.i-blason.com/ and hover over "Phone," https://www.i-blason.com/ and hover over "Tablet", and related urls in the www.i-blason.com domain).

25.    As presently advised, the Accused Products include i-Blason's protective masks for at least the following mobile devices: iPhone 11; iPhone 11 Pro; iPhone 11 Pro Max; iPhone 12; iPhone 12 mini; iPhone 12 Pro; iPhone 12 Pro Max; iPhone 13; iPhone 13 mini; iPhone 13 Pro; iPhone 13 Pro Max; iPhone 5C; iPhone 6; iPhone 6 Plus; iPhone 6S; iPhone 6S Plus; iPhone 7; iPhone 7 Plus; iPhone 8; iPhone 8 Plus; iPhone SE (2016); iPhone SE (2020); iPhone X; iPhone Xr; iPhone

Xs; iPhone Xs Max; iPod Touch 7th/6th/5th Generation 2019/2015/2014; Pixel 2; Pixel 2 XL; Pixel 3; Pixel 3 XL; Pixel 4; Pixel 4 XL; Pixel 4a; Pixel 4a 5G; Pixel 5; Pixel 5a; Pixel 6; Pixel 6 Pro; G7 ThinQ; K51; Stylo 6; V30; V40; Moto G Stylus; Galaxy A10e; Galaxy A11; Galaxy A12; Galaxy A20; Galaxy A30; Galaxy A32; Galaxy A50; Galaxy A50S; Galaxy A51; Galaxy A51 5G; Galaxy A52; Galaxy A6; Galaxy A71 5G; Galaxy A72; Galaxy J7 (2017); Galaxy J7 (2018); Galaxy Note 10; Galaxy Note 10 Plus; Galaxy Note 20; Galaxy Note 20 Ultra; Galaxy Note 8; Galaxy Note 9; Galaxy S10; Galaxy S10 Plus; Galaxy S10e; Galaxy S20; Galaxy S20 FE; Galaxy S20 Plus; Galaxy S20 Ultra; Galaxy S21; Galaxy S21 FE; Galaxy S21 Plus; Galaxy S21 Ultra; Galaxy S6; Galaxy S7; Galaxy S7 Edge; Galaxy S8; Galaxy S8 Active; Galaxy S8 Plus; Galaxy S9; Galaxy S9 Plus; Galaxy Z Flip3; Galaxy Z Fold3; iPad 10.2" 2019/2020; iPad 9.7" 2017/2018; iPad Air 3 10.5" (2019); iPad Air 4 10.9" (2020); iPad mini 3/2/1; iPad mini 4; iPad mini 5; iPad mini 6; iPad Pro 10.5" (2017); iPad Pro 11" (2018); iPad Pro 11" (2020); iPad Pro 11" (2021); iPad Pro 12.9" (2018); iPad Pro 12.9" (2020); iPad Pro 12.9" (2021); iPad Pro 9.7" (2016); Surface Go; Surface Go 2; Surface Pro 4; Surface Pro 5; Surface Pro 6; Surface Pro 7; Galaxy Tab 4 8.0"; Galaxy Tab A 10.1" (2019); Galaxy Tab A 7.0" (2016); Galaxy Tab A 8.0" (2018); and Galaxy Tab S7 FE 12.4" (2021). (See Exhibits F, G, and I, https://www.i-blason.com/ and hover over "Phone,"

https://www.i-blason.com/ and hover over "Tablet", and related urls in the www.i-blason.com domain).

26.     i-Blason's Accused Products also include two smaller subsets of protective masks for mobile devices consisting of two portion cases (herein referred to as the "Two Piece Accused Products" and the "Galaxy Z Accused Products"). See Exhibit G for a detailed list, exemplary photos, and product page links to the Two Piece Accused Products and Exhibit I for a detailed list, exemplary photos, and product page links to the Galaxy Z Accused Products. For avoidance of doubt, the Two Piece Accused Products and the Galaxy Z Accused Products in Exhibit G and I respectively are each a smaller subset of the Accused Products in Exhibit F and are included in and a part of the Accused Products. All i-Blason Accused Products are alleged to infringe at least independent Claim 9 of the '195 Patent and independent Claims 1, 5, 8, and 9 of the '676 Patent. In addition to these claims, i-Blason's Two Piece Accused Products and Galaxy Z Accused Products are alleged to additionally infringe at least independent Claim 9 of the '291 Patent. In addition to these claims, i-Blason's Galaxy Z Accused Products are alleged to additionally infringe at least independent Claims 1 and 6 of the '291 Patent and independent Claims 1 and 6 of the '195 Patent.

27.    The Accused Products, as illustrated below, are those protective masks that are capable of being coupled to a portion of a mobile device so that the mobile device will not fall out of the protective mask. The Accused Products are those protective masks that comprise a flange or retainer (as recited in the asserted claims, infra). The Accused Products also may use flange(s) or retainer(s) in conjunction with substantial surface to surface contact by the inner surface of the protective mask which conforms to the contour of the outer surface of the mobile device, working together to provide non-permanent, temporary protection to the mobile device. While not required by all asserted claims, the Accused Products are protective masks that include openings to allow access to the interface as well as inputs and outputs, as well as protective masks that have patterns, nameplates, type, text, or graphic elements. See Exhibits D, E, and H for exemplary photos for all categories of SUPCASE's case styles and Exhibits F, G, and I for exemplary photos for all categories of i-Blason's case styles. Below are pictures of representative Accused Products.







Samsung Galaxy A90 / A90 5G Unicorn Beetle Pro Rugged Holster Case – Black:
(*See* Exhibit D, Exhibit E, https://www.supcase.com/collections/samsung-cases/products/galaxy-a90-a90-5g-unicorn-beetle-pro-rugged-holster-case, and pictures taken of purchased representative products).







Apple iPad mini 5 (2019) Unicorn Beetle Pro Shockproof Rugged Case – Black: (*See* Exhibit D, Exhibit E, https://www.supcase.com/products/ipad-mini-5-unicorn-beetle-pro-shockproof-rugged-case, and pictures taken of purchased representative products).







Apple iPhone 11 6.1 inch Unicorn Beetle Sport Athletic Case – Black: (*See* Exhibit D, Exhibit E, https://www.supcase.com/products/iphone-11-6-1-inch-unicorn-beetle-sport-athletic-case, and pictures taken of purchased representative products).



Samsung Galaxy S20 FE 5G Ares Clear Rugged Case – Blue: (*See* Exhibit F, Exhibit G, and https://www.i-blason.com/products/galaxy-s20-fe-5g-ares-rugged-case-blue).



Apple iPhone 12 Pro Max Ares Case – Purple: (*See* Exhibit F, Exhibit G, https://www.i-blason.com/products/iphone-12-pro-max-ares-case-purple, and pictures taken of purchased representative products).



Apple iPhone 11 OMG Case – Starry Black: (*See* Exhibit F, https://www.i-blason.com/products/iphone-11-6-1-inch-omg-series-slim-designer-case-star, and pictures taken of purchased representative products).







Apple iPhone 11 Cosmo Case – Marble Black: (*See* Exhibit F, Exhibit G,

https://www.i-blason.com/products/iphone-11-cosmo-case-marble-black,

https://www.i-blason.com/products/iphone-11-6-1-inch-cosmo-case-marble-pink,

and pictures taken of purchased representative products).

 



Samsung Galaxy Z Flip3 5G Cosmo Classic Case – Marble Purple: (*See* Exhibit G

and https://www.i-blason.com/products/galaxy-z-flip3-cosmo-marble-purple).






Samsung Galaxy Z Fold3 Cosmo – Marble Pink: (*See* Exhibit I and https://www.i-blason.com/products/galaxy-z-fold3-cosmo-marble-pink).







Samsung Galaxy Z Flip 3 Unicorn Beetle Pro Rugged Case: (*See* Exhibit H and https://www.supcase.com/products/galaxy-z-flip-3-unicorn-beetle-pro-dual-layer-rugged-protective-case-with-belt-clip).

28.    The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that satisfy each limitation of, and therefore infringe, any asserted claim of the Asserted Patents whether sold directly or via other online marketplaces or brick and mortar retail stores.

29.    After adequate discovery, BelAir may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

## INFRINGEMENT BY DEFENDANTS

## COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 7,194,291

30.    BelAir realleges and incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.    Defendants directly infringe at least independent Claims 1, 6 and 9 of the '291 Patent.

## CLAIM 1

32.    Galaxy Z Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask adapted to be coupled to an exterior housing of a mobile phone

having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 1 of the '291 Patent.

33.     Specifically, the Galaxy Z Accused Products, comprise:

a.     first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone; and;

b.     a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

c.     wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

34.     As presently advised, one or more Galaxy Z Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 2, 3, 4, and 5 of the '291 Patent.

## CLAIM 6

35.     Galaxy Z Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 6 of the '291 Patent.

36.     Specifically, the Galaxy Z Accused Products comprise:

    a.     a[] first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having flanges to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

    b.     said first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone; and

    c.     a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

    d.     wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

37.    As presently advised, one or more Galaxy Z Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 7 and 8 of the '291 Patent.

## CLAIM 9

38.    Two Piece Accused Products and Galaxy Z Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask adapted to be coupled to an exterior housing of a mobile phone, the mobile phone having internal components

including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 9 of the '291 Patent.

39.    Specifically, the Two Piece Accused Products and Galaxy Z Accused Products comprise:

a.    a[] first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion having a flange to couple the first mask portion to the exterior housing of the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

b.    the first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone;

c.    a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the housing of the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion

covers the second portion of the exterior housing of the mobile

phone; and

d.    the second mask portion includes an opening that is associated

with an opening in the exterior housing to permit access to a

feature of the mobile phone.

40.    As presently advised, one or more Two Piece Accused Products and

Galaxy Z Accused Products also likely satisfy the limitations of, and infringe,

dependent Claim 10 of the '291 Patent.

41.    To the extent required by law, BelAir has complied with the provisions

of 35 U.S.C. § 287.

42.    Defendants had notice of the '291 Patent and the likelihood of

infringement thereof at least as early as December 17, 2019, pursuant to first class

mail and email correspondence from BelAir to Defendants via their CEO.

43.    Defendants' direct infringement as described above, either literally or

under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover

damages adequate to compensate it for such infringement, but in no event less than

a reasonable royalty.

## COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 7,941,195

44.    Plaintiff BelAir realleges and incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

45.    Defendants directly infringe at least independent Claims 1, 6, and 9 of the '195 Patent.

## CLAIM 1

46.    Galaxy Z Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 1 of the '195 Patent.

47.    Specifically, the Galaxy Z Accused Products comprise:

    a.    a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone; and

b.      a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

c.      wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

48.    As presently advised, one or more Galaxy Z Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 2, 3, 4, and 5 of the '195 Patent.

**CLAIM 6**

49.    Galaxy Z Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 6 of the '195 Patent.

50.    Specifically, the Galaxy Z Accused Products comprise:

d.      a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone, the first mask portion is adapted to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone;

e.      said first mask portion including an opening that is associated with an opening in the exterior housing to permit access to a feature of the mobile phone; and

f.      a second mask portion, molded to conform to the shape of a second portion of the exterior housing of the mobile phone, the second mask portion adapted to be coupled to the mobile phone to retain the second mask portion to the second portion of the exterior housing so that the second mask portion covers the second portion of the exterior housing of the mobile phone;

g.      wherein said first and second mask portions are retained to the exterior housing of the mobile phone.

51.     As presently advised, one or more Galaxy Z Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 7 and 8 of the '195 Patent.

## CLAIM 9

52.     All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of Claim 9 of the '195 Patent.

53.     Specifically, all Accused Products comprise:

      a.      a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone; and

      b.      the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone.

54.     As presently advised, one or more Two Piece Accused Products and Galaxy Z Accused Products and also likely satisfy the limitations of, and infringe, dependent Claims 10, 11, and 12 of the '195 Patent.

55.     To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287.

56.     Defendants had notice of the '195 Patent and the likelihood of infringement thereof at least as early as December 17, 2019, pursuant to first class mail and email correspondence from BelAir to Defendants via their CEO.

57.     Defendants' direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## COUNT III: INFRINGEMENT OF UNITED STATES PATENT NO. 10,097,676

58.     BelAir realleges and incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

59.     Defendants directly infringe at least independent Claims 1, 5, 8, and 9 of the '676 Patent.

# CLAIM 1

60.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask molded for frictional retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, in accordance with the limitations of Claim 1 of the '676 Patent.

61.    Specifically, all Accused Products comprise:

  a.    an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

  b.    an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no

substantial space between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing;

c.    at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

d.    at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

62.    As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 2, 3, and4 of the '676 Patent.

**CLAIM 5**

63.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask molded for frictional retention to an exterior housing of, and adapted

to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the exterior housing has an exterior shape including a back face and at least portions of opposed side surfaces, in accordance with the limitations of Claim 5 of the '676 Patent.

64.     Specifically, all Accused Products comprise:

a.     an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

b.     an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be

placed over the exterior shape in overlying and protecting relationship; and

c.   at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

65.   As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 6 and 7 of the '676 Patent.

## CLAIM 8

66.   All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces, internal components including circuitry and a battery, and an exterior housing completely enclosing the circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a

first face, a second face and opposed side surfaces there between, in accordance with the limitations of Claim 8 of the '676 Patent.

67.     Specifically, all Accused Products comprise:

a.      an integrally-formed mask body molded to conform to a shape of the exterior housing;

b.      inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies the opposed side surfaces, with substantially no space between the mask body and the opposed side surfaces; and

c.      at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in

retaining the integrally-formed mask body to the mobile communication device.

## CLAIM 9

68.    All Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask molded for frictional retention to an exterior housing of a fully assembled mobile communication device having user input and output interfaces, the mobile communication device further having internal components including circuitry and a battery completely enclosed by the exterior housing, and the exterior housing having an exterior shape formed by a back surface and at least portions of opposed side surfaces, in accordance with the limitations of Claim 9 of the '676 Patent.

69.    Specifically, all Accused Products comprise:

  a.    an inner surface closely conforming to the exterior shape of the exterior housing and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with substantially no space between the inner surface of the protective mask and the exterior shape when the protective mask is retained to the exterior housing, the protective mask being

molded, integrally formed, contoured and sized to fit tightly against the exterior shape of the exterior housing, thereby providing retention of the protective mask to the exterior housing;

b.     at least one opening defined by the protective mask permitting user access to at least the user input and output interfaces; and

c.     at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

70.     As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 10, 11, and 12 of the '676 Patent.

71.     To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287.

72.    Defendants had notice of the '676 Patent and the likelihood of infringement thereof at least as early as December 17, 2019, pursuant to first class mail and email correspondence from BelAir to Defendants via their CEO.

73.    Defendants' infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BelAir Electronics, Inc. respectfully requests this Court to enter judgment against Defendants Brillotech Inc. and i-Blason LLC – and against each of their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them – granting the following relief:

A.    The entry of judgment in favor of Plaintiff and against Defendants;

B.    An award of damages against Defendants adequate to compensate Plaintiff for the infringement that occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began; and

C.      Such other relief to which Plaintiff is entitled under the law and any

other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Dated: January 17, 2022                     Respectfully submitted,


Timothy J. Haller (*Pro Hac Vice*           **James F. McDonough, III (GA**
   *Pending*)                                  **117088)**
HALLER LAW PLLC                             Jonathan R. Miller (GA 507179)
230 E Delaware Pl, Ste 5E                   Travis E. Lynch (GA 162373)
Chicago, IL 60611                           ROZIER HARDT MCDONOUGH
Telephone: (630) 336-4283                      PLLC
Email: haller@haller-iplaw.com              3621 Vinings Slope, Ste 4300
                                            Atlanta, GA 30339
Gabriel I. Opatken (*Of Counsel*)           Telephone: (470) 480-9505
NOBLE IP LLC                                Telephone: (470) 480-9517
4151 W School St, Apt 2                     Telephone: (470) 480-9514
Chicago, IL 60641                           Email: jim@rhmtrial.com
Telephone: (773) 648-5433                   Email: miller@rhmtrial.com
Email: gabriel@nobleipllc.com               Email: lynch@rhmtrial.com


                                            ***Attorneys for Plaintiff,***
                                            ***BelAir Electronics, Inc.***